**COLUMBIA EMPIRE TELECASTERS, Inc., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

Oregon Television, Inc., Intervenor.

No. 12529.

United States Court of Appeals District of Columbia Circuit.

Argued June 9, 1955.

Decided Dec. 15, 1955.

2.  5 U.S.C.A. § 652.

Mr. Peter Shuebruk, New York City, with whom Mr. Jack P. Blume, New York City, was on the brief, for appellant.

Mr. J. Smith Henley, Asst. General Counsel, Federal Communications Commission, with whom Messrs. Warren E. Baker, General Counsel, Federal Communications Commission, and Warren D. Quenstedt, Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. Richard A. Solomon, Asst. General Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Maurice R. Barnes, Washington, D. C., with whom Messrs. L. Alton Denslow and Dwight E. Rorer, Washington, D. C., were on the brief, for intervenor.

Before EDGERTON, Chief Judge, and BAZELON and FAHY, Circuit Judges.

EDGERTON, Chief Judge.

After hearing mutually exclusive applications for a television permit in Portland, Oregon, the Commission granted the application of Oregon Television, Inc. (Oregon) and denied that of the appellant, Columbia Empire Telecasters, Inc. (Columbia). Columbia appeals. 66 Stat. 718, § 402, 47 U.S.C.A. § 402.

Columbia contends Oregon was not shown to be financially qualified. An element of Oregon's financing was to be a bank loan. The bank's commitment to make the loan depended upon its being guaranteed by each of Oregon's five directors, and it did not appear that they agreed to guarantee it. But it did appear that they favored the loan, and we think the Commission's inference that they would guarantee it was not unreasonable.

The Journal Publishing Company, publisher of the Oregon Journal, and its wholly-owned radio subsidiary KPOJ,

Inc., owned 40% of the stock of Columbia and had an option to buy 7½%. They were entitled, by contract with other stockholders, to be proportionately represented on Columbia's board of directors. The chairman of Columbia's board was President and Director of the Journal Company and of KPOJ. Columbia's Treasurer was a Vice President, Assistant Secretary, and Director of KPOJ. KPOJ obtained the proposed transmitter site and location for Columbia. Columbia's proposed television station was to be identified as KPOJ-TV and called the Journal station. The Commission recognized that the Journal and KPOJ had an "outstanding record of performance * * * in meeting and giving expression to the needs of the Portland community. The record shows that the programming of said stations and the operation of the newspaper have been responsive to the needs of the Portland community and that the needs of the community have been fulfilled on a continuing basis." The Commission found that "many of the local programs proposed by Columbia are television presentations of programs now broadcast by Station KPOJ which are, in some instances, also adaptations of Journal departments and projects; and the television station of Columbia would use the features and talent of the Journal and KPOJ, including the news gathering facilities of the Journal."

■ Columbia complains that the Commission said KPOJ and the Journal had only a "relatively small voice" in Columbia's affairs, and also said the excellent record of KPOJ and the Journal was not a "decisional factor". But despite their large stock ownership, it did not appear that KPOJ and the Journal would actually control Columbia. Other stockholders elected a majority of the directors. As regards actual operating control, there is support for the finding of a "relatively small voice". And the Commission apparently gave some consideration to the record of KPOJ and the Journal, since it found that neither Columbia nor Oregon was entitled to a preference in regard to "awareness of and responsiveness to the needs of the community" although it found that in regard to local ownership and stockholder participation in operation, which, as the Commission recognized, affect awareness and responsiveness, Oregon was entitled to preference.

■ The Commission found that Oregon was entitled to preference as to programming, including diversified expression of local activities and interests, and diversification of control of the media of mass communication. It found that Columbia was entitled to preference as to radio and television experience. It concluded that "in view of Oregon's manifest superiority with respect to the critical factors of program proposals and diversification of control of the media of mass communications, * * * upon consideration of the entire record in this proceeding, the public interest, convenience and necessity would be best served by a grant of the application of Oregon Television, Inc. * * *" Columbia says this conclusion with regard to "diversification of control of the media" contradicts the Commission's finding that the Journal and KPOJ had only a "relatively small voice" in Columbia's affairs. We think not. However small their "voice" in Columbia's affairs may have been, Columbia was not, as Oregon was, "dissociated from existing media of mass communication", Scripps-Howard Radio v. Federal Communications Commission, 89 U.S.App.D.C. 13, 19, 189 F.2d 677, 683, and the Journal and KPOJ owned enough Columbia stock to "bear upon the concentration of media". Plains Radio Broadcasting Co. v. Federal Communications Commission, 85 U.S. App.D.C. 48, 52, 175 F.2d 359, 363. Cf. 47 C.F.R. §§ 3.35(b), 3.240(b), and 3.-636(a) (2). We think this is what the Commission meant when it spoke of "diversification of the control of the media".

We think it unnecessary to discuss Columbia's other contentions. We do not find that the Commission ignored factors

that required consideration or acted arbitrarily in choosing between the applicants.

Affirmed.

FAHY, Circuit Judge, concurs in the result.