SPRINGFIELD TELEVISION BROAD-
CASTING CORPORATION,
Appellant,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,

Millers River Translators, Inc.,
Intervenor.

No. 17957.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 2, 1963.

Decided Jan. 9, 1964.

ington, D. C., were on the brief, for appellant.

Mr. Michael Finkelstein, Counsel, Federal Communications Commission, of the bar of the Court of Appeals of New York, *pro hac vice*, by special leave of court, with whom Messrs. Max D. Paglin, General Counsel, and Daniel R. Ohlbaum, Associate General Counsel, Federal Communications Commission, were on the brief, for appellee. Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, also entered an appearance for appellee.

Messrs. Arthur Scheiner and Philip Bergson, Washington, D. C., entered appearances for intervenor.

Before BAZELON, Chief Judge, and FAHY and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

The Commission granted the unopposed application of intervenor, Millers River Translators, Inc., for a construction permit to build a UHF television broadcast translator station[1] at Athol, Massachusetts. Appellant's petition to the Commission for reconsideration of that grant was dismissed[2] on the grounds that (1) appellant had not filed a pre-grant opposition to the Millers River application, and (2) the petition for reconsideration did not warrant setting aside the grant of the Millers River application. We affirm the action of the Commission.

Appellant had a right under Section 309(d)[3] of the Communications Act to file a pre-grant petition to deny intervenor's application for a construction

Mr. Robert W. Coll, Washington, D. C., with whom Messrs. James A. McKenna, Jr. and Vernon L. Wilkinson, Wash-

1. "Television broadcast translator stations provide a means whereby the signals of television broadcast stations may be retransmitted to areas in which direct reception of such television broadcast stations is unsatisfactory due to distance or intervening terrain barriers." Section 74.731(a), 28 Fed.Reg. 12388 (1963) (formerly 47 C.F.R. § 4.731(a)).

2. In dismissing appellant's petition, the Commission stated:
"7. The Commission wishes to make it clear that this decision in no way affects the right of Springfield also to construct and operate a UHF translator in Athol rebroadcasting WRLP, if it wishes to do so. As we noted in our decision of April 23, 1963, on Springfield's *petition for stay* (FCC 63-375), Springfield actually had a construction permit for such a translator in Athol for a considerable period of time; however, it has chosen not to construct and operate the station, and, pursuant to its request, the Commission on May 1, 1963, dismissed a pending application for extension of time."

3. 74 Stat. 889, 47 U.S.C. § 309(d) (1962).

permit. It also had standing under Section 405 [4] of the Communications Act, whether or not it filed a pre-grant petition to deny, to file a petition for reconsideration requesting that the grant be set aside. Pursuant to its statutory authority, however, the Commission, in its Rules and Regulations, has promulgated Sections 1.106(b) and (c), 28 Fed.Reg. 12422 (1963) (formerly 47 C.F.R. §§ 1.-84(b) and (c) (1962)), which provide:

"(b) Except where the Commission has denied an application for review without specifying reasons therefor, any party to the proceeding, or any other person aggrieved or whose interests are adversely affected by any action taken by the Commission or by the designated authority, may file a petition requesting reconsideration of the action taken. If the petition is filed by a person who is not a party to the proceeding, it shall state with particularity the manner in which he is aggrieved or his interests are adversely affected by the action taken, and shall show good reason why it was not possible for him to participate in the earlier stages of the proceeding.

"(c) A petition for reconsideration which relies on facts which have not previously been presented to the Commission or to the designated authority, as the case may be, will be granted only under the following circumstances:

"(1) The facts relied on relate to events which have occurred or circumstances which have changed since the last opportunity to present such matters;

"(2) The facts relied on were unknown to petitioner until after his last opportunity to present such matters, and he could not through

the exercise of ordinary diligence have learned of the facts in question prior to such opportunity; or

"(3) The Commission or the designated authority determines that consideration of the facts relied on is required in the public interest."

Appellant's only excuse for not filing a petition to deny, alleging the facts recited in its petition for reconsideration, is that it "did not feel that the Commission would act favorably upon the Millers River proposal * * *." It argues that Sections 1.106(b) and (c) are invalid exercises of the Commission's authority to issue regulations pursuant to the statute, and that Congress, in substituting a pre-grant procedure based upon a "petition to deny" for the "post-grant protest" formerly provided in Section 309(c) [5] of the Act, made no change in appellant's right to an evidentiary hearing on reconsideration where "a substantial and material question of fact is presented" in the petition therefor. 47 U.S.C. § 309(d) (2). We do not agree.[6]

Congress, in amending Section 309 of the Act, obviously intended that oppositions to applications to grant construction permits should be filed before the grant, rather than after, as in the prior procedure. In reporting this amendment, the House Committee on Interstate and Foreign Commerce stated:

"* * * The committee wishes to make clear that, in any situation where a petition to deny could have been filed by a party in interest prior to grant, the normal standards with respect to petitions for rehearing will apply, so that (1) no matter may be raised in a petition for rehearing which could have been raised with reasonable diligence by a petition to deny, and (2) any matter that was raised in a petition to

4. 75 Stat. 421, 47 U.S.C. § 405 (1962).

5. See Public Law 82–554, 82nd Cong., 2d Sess., approved July 16, 1952, 66 Stat. 715.

6. Compare Massachusetts Bay Telecasters, Inc. v. F.C.C., 104 U.S.App.D.C.

226, 261 F.2d 55 (1958); Columbia Empire Telecasters v. Federal Commun. Com'n, 97 U.S.App.D.C. 112, 228 F.2d 459 (1955); Kentucky Broadcasting Corp. v. Federal Commun. Com'n, 84 U.S.App.D.C. 383, 174 F.2d 38 (1949).

deny and disposed of by the Commission need not be considered or discussed in detail if it is raised again." [7]

Thus, while in amending Section 309 Congress did not provide for a mandatory pre-grant procedure, it fully anticipated that under the amendment this would be the normal procedure, and that when a party for the first time appears in the proceeding with a petition for reconsideration, he should show why he has withheld the facts, or was unable in season to obtain the facts, on which he relies. Certainly "[w]e cannot allow the appellant to sit back and hope that a decision will be in its favor, and then, when it isn't, to parry with an offer of more evidence. No judging process in any branch of government could operate efficiently or accurately if such a procedure were allowed." Colorado Radio Corp. v. Federal Communications Com'n, 73 App. D.C. 225, 227, 118 F.2d 24, 26 (1941).

 Sections 1.106(b) and (c) are valid exercises of the Commission's statutory authority to issue regulations. Thus the Commission, in denying appellant's petition for reconsideration here, was fully justified in considering appellant's failure to oppose the grant to the intervenor. As we read Section 1.106(c) of the regulations, Paragraphs (1) and (2) do not serve as a bar to the Commission's consideration of the public interest determination required by Paragraph (3). In the interest of orderly procedure pursuant to the mandate of Congress, Paragraphs (1) and (2) of Section 1.106(c) outline considerations to be weighed, among others, in making the public interest determination of Paragraph (3).

 Here the Commission made that public interest determination and we cannot say that, under the statute and under the regulation, it abused its discretion. Southwestern Publishing Co. v. Federal Commun. Com'n, 100 U.S.App. D.C. 251, 243 F.2d 829 (1957); 47 U.S.C. § 405. Its findings and conclusions have a reasonable factual basis in the record. Cf. Coastal Bend Television Co. v. Federal Commun. Com'n, 98 U.S. App.D.C. 251, 255, 234 F.2d 686, 690 (1956).

Affirmed.

7. H.R.Rep. No. 1800, 86th Cong., 2d Sess., p. 14 (1960). See also S.Rep. No. 690, 86th Cong., 1st Sess., pp. 2–3 (1959); Hearings Before a Subcommittee of the Committee on Interstate and Foreign Commerce, House of Representatives, on Conditional Grants, Pregrant Procedure, Local Notice, Local Hearings, Payoffs, Suspension of Licenses, and Deceptive Practices in Broadcasting, April 12 and 13, 1960, 86th Cong., 2d Sess., pp. 95, 131, 134.