**VALLEY TELECASTING CO., Inc.,**
**Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-**
**MISSION, Appellee,**

Desert Telecasting Company, Inc.,
Intervenor.

No. 18267.

United States Court of Appeals
District of Columbia Circuit.

Argued June 1, 1964.

Decided Sept. 17, 1964.

Mr. Reed Miller, Washington, D. C., with whom Messrs. Paul A. Porter and Thomas G. Fisher, Washington, D. C., were on the brief, for appellant.

Mr. Ernest O. Eisenberg, Counsel, Federal Communications Commission, with whom Mr. Daniel R. Ohlbaum, Associate Gen. Counsel, and Mr. Max D. Paglin, Gen. Counsel, Federal Communications Commission, at the time the brief was filed, were on the brief, for appellee.

Messrs. Henry Geller, Gen. Counsel, Arthur B. Goodkind, Howard Jay Braun, and Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, also entered appearances for appellee.

Mr. Samuel Miller, Washington, D. C., with whom Mr. Mark E. Fields, Washington, D. C., was on the brief, for intervenor.

Before BAZELON, Chief Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM.

Intervenor's predecessor held a license for a television station in Yuma, Arizona, which had been granted in 1962 without opposition from any quarter, including appellant. Upon a subsequent application to the Federal Communications Commission for permission to assign that license to intervenor,[1] appellant, owner of the only operating television station then operating in Yuma, opposed the assignment application on the ground that the service area could economically support only one station and that the public interest would be adversely affected by the introduction of another. It sought a hearing on these allegations. See Ashbacker Radio Corp. v. Federal Communications Comm'n, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945); Carroll Broadcasting Co. v. Federal Communications Comm'n, 103 U.S.App.D.C. 346, 258 F.2d 440 (1958).

The Commission approved the assignment on August 9, 1963, and denied petitioner's request for a hearing, on alternative theories: (1) While appellant had standing to oppose the application for assignment, the issue of economic injury was not cognizable in this assignment proceeding since that question, while relevant to the wisdom of the original grant of the license, was not germane to its assignment, and (2) even if germane, the petition did not allege sufficient facts to necessitate a hearing. Since we are in full agreement with the Commission on the first point, we need not decide whether the second is consistent with our decision in the Carroll case, supra.[2] Compare KGMO Radio-Television, Inc. v. Federal Communications Comm'n, 119 U.S.App.D.C. ——, 336, F.2d 920 (1964).

A dilatory and disorderly presentation cripples any decision-making process and handicaps the agency in carrying out its function. We pointed this out in a different but analogous context in the recently decided Valley case, supra. The proper time to present the economic injury issue is in the proceeding concerned with the issuance of a license.[3] Once the grant of the license is final, such matters become irrelevant, except perhaps in very unusual circumstances,[4] until the license comes up for renewal. The immediately relevant issue in this assignment proceeding is whether the particular assignee is a proper party to hold a license. Appellant has conceded, in its presentation to us, that the objections to the assignment it seeks leave to press

[1.] There was also filed a petition by intervenor for, and an opposition by appellant to, an extension of time to construct the station. The extension, granted by the Commission, appears to play no significant role in this appeal.

[2.] Also rendered moot by our disposition are the issues arising out of the denial of a petition for rehearing of the Commission's action in approving the assignment. Compare Valley Telecasting Co. v. Federal Communications Com'n, 118 U.S. App.D.C. ——, 336 F.2d 914 (1964), and Springfield Television Broadcasting Corp. v. Federal Communications Comm'n, 117 U.S.App.D.C. 214, 328 F.2d 186 (1964). Appellant had petitioned for reconsideration, and, with the petition, had submitted an extensive study purportedly demonstrating that the area could not support more than one station at the present time.

[3.] The reason given by appellant for not protesting the application for a license earlier is that, at the time in question, appellant did not believe that the assignor would undertake to construct the station for financial and other reasons. The record contradicts, to some extent at least, the basis for this belief. But, in any case, we do not consider this an adequate excuse for disrupting the normal processes of the Commission.

[4.] It is, of course, conceivable that the identity of a particular proposed assignee might cause the inquiry into the propriety of the assignment to encompass considerations of an economic nature not unlike those customarily encountered in a Carroll context.

upon the Commission apply to any assignee, not simply intervenor. Thus, what petitioner wants to litigate now has nothing to do with this particular assignment, but, rather, with the presence in Yuma of *any* additional station. If the Commission had to consider such a collateral attack upon its original grant every time a licensee came before it, its processes would suffer seriously in both orderliness and expedition.

Affirmed.

BAZELON, Chief Judge (concurring).

I agree that a reasonable view of Carroll Broadcasting Co. v. Federal Communications Comm'n, 103 U.S.App.D.C. 346, 258 F.2d 440 (1958), supports the result reached by the court.