**WLIL, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**Alvin B. Corum, Jr., Intervenor.**

**Nos. 19226, 19239.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 6, 1965.

Decided Oct. 21, 1965.

Petition for Rehearing En Banc
Denied Dec. 6, 1965.

---

Mr. Lauren A. Colby, Washington, D. C., for appellant.

Mr. Ronald A. Siegel, Counsel, Federal Communications Commission, with whom Mr. Henry Geller, Gen. Counsel, and John H. Conlin, Associate Gen. Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. Reed Miller, Washington, D. C., for intervenor.

Mr. Thomas Fisher, Washington, D. C., also entered an appearance for intervenor.

Before FAHY, McGOWAN and TAMM, Circuit Judges.

TAMM, Circuit Judge:

## I

Appellant WLIL, Inc. is, and has been for many years, the licensee of the only standard broadcast station located at Lenoir City, Tennessee. Arthur Wilkerson is the president and sole stockholder of WLIL and also is sole owner of radio stations located at Shelbyville and Newport, Tennessee. In the present actions, appellant seeks to set aside an order of the Federal Communications Commission dated February 18, 1965, which dismissed appellant's petition for reconsideration of an earlier Commission order granting, on October 21, 1964, a license to intervenor Alvin B. Corum, Jr. to operate a standard broadcast station at Lenoir City, Tennessee.

Briefly summarized, the record discloses the following chronology of events. On September 11, 1961, intervenor Corum filed an application with the appellee for a construction permit for a new standard broadcast station to operate at Lenoir City, Tennessee. This application was accepted by the Commission for filing on September 28, 1961—the Commission then giving public notice of its action. Intervenor also gave public notice of the pendency of this application by newspaper publication in September 1961. Subsequently, Corum made amendments in his application with reference to frequency and site.

Thereafter, the Commission received two anonymous letters containing factual allegations relating to aspects of Corum's application, and the Commission investigated to its satisfaction these allegations. During this period, Arthur Wilkerson furnished certain deeds to the Commission's Atlanta, Georgia, Field Engineering Bureau. These deeds purported to establish that Corum did not accurately describe his ownership interest as of 1950 in a lumber company referred to in the body of his original application documents. At this time, however, Wilkerson indicated that *he did not wish to file any formal or informal objection to the Corum application.* The Commission requested Corum by letter to explain the apparent inconsistency in the lumber company ownership statement, and an at-

torney, on behalf of Corum, wrote the Commission explaining the situation in a manner found satisfactory by the Commission.

No petitions to deny, or other formal objections, were filed against the Corum application, and on October 21, 1964, the Commission granted the application without a hearing.

On November 20, 1964, more than 3 years after the original filing of the Corum application, appellant for the first time notified the Commission of its objections to the grant by filing under § 405 of the Communications Act of 1934, 47 U.S.Code § 405,[1] and the Commission rules, a petition for reconsideration of the grant of October 21, 1964. In this petition, appellant asked that the Commission set aside the grant of the Corum application and designate the application for an evidentiary hearing on the issues enumerated in the petition. Generally stated, the issues specified related to alleged misrepresentations in intervenor's application with respect to site dimensions, ownership of the lumber company and dates of publication. Corum, in opposition pleading to appellant's petition, submitted a sworn statement detailing his versions of the issues and conclusions of the petition.

By opinion and order released on February 18, 1965, the appellee Commission dismissed the WLIL petition for reconsideration of the order of October 21, 1964, and dismissed appellant's petition for stay of the October order. In so do-

---

1. "§ 405. PETITION FOR REHEARING; PROCEDURE; DISPOSITION; TIME OF FILING; ADDITIONAL EVIDENCE

After an order, decision, report, or action has been made or taken in any proceeding by the Commission, or by any designated authority within the Commission pursuant to a delegation under section 155 (d) (1) of this title, any party thereto, or any other person aggrieved or whose interests are adversely affected thereby, may petition for rehearing only to the authority making or taking the order, decision, report, or action; and it shall be lawful for such authority, whether it be the Commission or other authority designated under section 155(d) (1) of this title, in its discretion, to grant such a rehearing if sufficient reason therefor be made to appear. A petition for rehearing must be filed within thirty days from the date upon which public notice is given of the order, decision, report, or action complained of. No such application shall excuse any person from complying with or obeying any order, decision, report, or action of the Commission, or operate in any manner to stay or postpone the enforcement thereof, without the special order of the Commission. The filing of a petition for rehearing shall not be a condition precedent to judicial review of any such order, decision, report, or action, except where the party seeking such review (1) was not a party to the proceedings resulting in such order, decision, report, or action, or (2) relies on questions of fact or law upon which the Commission, or designated authority within the Commission, has been afforded no opportunity to pass. The Commission, or designated authority within the Commission, shall enter an order, with a concise statement of the reasons therefor, denying a petition for rehearing or granting such petition, in whole or in part, and ordering such further proceedings as may be appropriate: *Provided,* That in any case where such petition relates to an instrument of authorization granted without a hearing, the Commission, or designated authority within the Commission, shall take such action within ninety days of the filing of such petition. Rehearings shall be governed by such general rules as the Commission may establish, except that no evidence other than newly discovered evidence, evidence which has become available only since the original taking of evidence, or evidence which the Commission or designated authority within the Commission believes should have been taken in the original proceeding shall be taken on any rehearing. The time within which a petition for review must be filed in a proceeding to which section 402(a) of this title applies, or within which an appeal must be taken under section 402(b) of this title in any case, shall be computed from the date upon which public notice is given of orders disposing of all petitions for rehearing filed with the Commission in such proceeding or case, but any order, decision, report, or action made or taken after such rehearing reversing, changing, or modifying the original order shall be subject to the same provisions with respect to rehearing as an original order."

ing, the Commission noted that the appellant had not filed pre-grant objections to the Corum application. The Commission concluded, upon the record as outlined briefly herein, that appellant had not demonstrated that the public interest required reconsideration of the Commission's order.[2] In support of its action, the Commission enumerated appellant's allegations specifically and discussed them and intervenor's answers thereto in some detail. The objections raised by appellant were found to be without force, particularly in light of their late presentation. Some of the allegations had previously been considered and rejected by the Commission before the order granting Corum a license was issued.

## II

█ We, then, have before us again an appeal from a Commission order in which we are asked to remand for additional agency proceedings a case that consumed several years in its progress through the Commission. Our appellant, possessed of knowledge of intervenor's application, waited more than three years before filing any objection to the application and, in fact at one point, indicated an unwillingness to file any objections. When the award was finally made to intervenor—and not until then—appellant filed a petition for reconsideration of the grant to intervenor. There has been no attempt on the part of WLIL to show that the facts alleged in its petition for reconsideration were ascertained or developed subsequent to the grant to intervenor, nor has appellant made any show-

ing that reasonable diligence on its part would not have disclosed the facts, or alleged facts, during the 37-month period between application and grant.

Under not dissimilar circumstances, we said in Springfield Television Broadcasting Corporation v. Federal Communications Comm., 117 U.S.App.D.C. 214, 328 F.2d 186, 189 (1964):

"Sections 1.106(b) and (c) are valid exercises of the Commission's statutory authority to issue regulations. Thus the Commission, in denying appellant's petition for reconsideration here, was fully justified in considering appellant's failure to oppose the grant * * *."

Quoting from Colorado Radio Corp. v. Federal Communications Comm., 73 App. D.C. 225, 227, 118 F.2d 24, 26 (1941), we said in Springfield, *supra:*

" '[W]e cannot allow the appellant to sit back and hope that a decision will be in its favor, and then, when it isn't, to parry with an offer of more evidence. No judging process in any branch of government could operate efficiently or accurately if such a procedure were allowed.' "

More recently, in ruling in Valley Telecasting Co. v. Federal Communications Comm., 118 U.S.App.D.C. 410, 336 F.2d 914, 917, 919 (1964), we said:

"Congress clearly recognized that sound regulation has procedural as well as substantive elements, and that 'the public interest, convenience, and necessity' comprehends both. Orderliness, expedition, and finality

2. § 1.106(c) of the Commission's Rules states that:

"A petition for reconsideration which relies on facts which have not previously been presented to the Commission or to the designated authority, as the case may be, will be granted only under the following circumstances:

(1) The facts relied on relate to events which have occurred or circumstances which have changed since the last opportunity to present such matters;

(2) The facts relied on were unknown to petitioner until after his last opportunity to present such matters, and he could not through the exercise of ordinary diligence have learned of the facts in question prior to such opportunity;

(3) The Commission or the designated authority determines that consideration of the facts relied on is required in the public interest."

in the adjudicating process are appropriate weights in the scale, as reflecting a public policy which has authentic claims of its own. * * *

*     *     *     *     *     *

" * * * we cannot say that these post-grant pleadings clearly require a hearing to avoid the possibility of a serious injury to the public."

Upon consideration of the nature of the objections made and the dilatoriness in raising them, we cannot say that the Commission's action in dismissing the appellant's petition was arbitrary, or otherwise beyond the Commission's authority.

■ Before us, for the first time in these proceedings appellant contends that the Commission should have considered "in the first instance" the economic effect of its grant of the Corum application upon the quality of radio program service available in Lenoir City if two stations were competing for the limited business in a community of less than 5,000 persons. The short answer to this argument is that in the circumstances of this case it comes too late.[3]

"A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reason for its action." Unemployment Compensation Commission of Alaska v. Aragon, 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946).

In addition to being completely vulnerable to this principle, appellant on this point has failed to make an adequate showing that the economic impact of competition in this area would in any way affect the quality of the radio programs or otherwise be contrary to the public interest.

The Memorandum Opinion and Order appealed from are affirmed.

3. See, contra, Citizens TV Protest Committee et al. v. Federal Communications

Comm., 121 U.S.App.D.C. ——, 348 F.2d 56 (1965).